[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 5, 2006
THOMAS K. KAHN
CLERK

No. 05-16030
Non-Argument Calendar

_____

D. C. Docket No. 05-00053-CR-T-30TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ORTIZ-CASTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 5, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

James Ortiz-Castro appeals his 135-month sentence imposed for possession

and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to United States jurisdiction in violation of 46 U.S.C. App. § 1903(a), (g), (j), 18 U.S.C. § 2 and 21 U.S.C. § 960(b)(1)(B)(ii). Ortiz contends that the court's sentence was unreasonable under United States v. Booker, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005), and that he should have received a sentence below the guidelines range because he provided law enforcement with valuable information. Ortiz also contends that the district court should have given more weight to his expressed remorse for his actions and the fact that he is a family man with no criminal history. He contends that he was transporting drugs to support his family in Colombia and that Colombia is a poor country that lacks a good welfare system.

After Booker, 543 U.S. 220, 125 S. Ct. 738, a district court, in determining a reasonable sentence, must consider the correctly calculated sentencing range under the advisory guidelines and the factors set forth in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Among the factors that a district court should consider at sentencing are the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. See

18 U.S.C. § 3553(a)(1)-(7). <u>Booker</u> does not require the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or even to discuss each of the § 3553(a) factors. <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, indications in the record that the district court considered facts and circumstances falling within § 3553(a)'s factors will suffice. <u>Id.</u> at 1329–30; <u>Talley</u>, 431 F.3d at 786.

"Review for reasonableness is deferential. . . . and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." <u>Talley</u>, 431 F.3d at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." <u>Id.</u>

We conclude that Ortiz's 135-month sentence was reasonable. The district court considered Ortiz's circumstances and awarded a two-level downward departure based on his substantial assistance to the government. The court sentenced Ortiz at the bottom of the correctly calculated guidelines range and well below the statutory maximum of life imprisonment. The court also explicitly stated at sentencing that it had considered the § 3553(a) factors, and that the sentence was "sufficient, but not greater than necessary to comply with the

statutory purposes of sentencing."

The offense involved possession with intent to distribute 1,170 kilograms of cocaine, and Ortiz had a substantial role in running and navigating the boat and recruiting and directing the crew. The sentence is reasonable in light of the nature and circumstances of the offense as well as the need for adequate deterrence and protection of the public. Ortiz's remorse for his conduct, his alleged motivation to illegally transport drugs into the United States to help his family in Colombia, and his lack of criminal history combined do not make this sentence unreasonable. Because Ortiz has not met his burden of showing the sentence is unreasonable, and under our review is deferential, we affirm.

**AFFIRMED.**